GARRISON, Judge.
On November 19, 1985, the plaintiff, Clyde Nary, leased an automobile from the defendant, Budget Rent-A-Car. This automobile had a loose spring in the driver’s seat which caused damage to several pairs of plaintiff’s pants. The plaintiff did not notice the damage until seventeen pairs of pants were damaged. Plaintiff contends that the only reason he noticed the damage in the seventeenth pair of pants was because when he took them off, he threw them on his bed rather than following his usual procedure of hanging up his pants immediately after undressing. After noticing the damage to the pants thrown on the bed, he conducted an inventory of his closet and discovered that sixteen other pairs of pants were damaged in the same area of the back left pocket.
Plaintiff then inspected his rental car which revealed no obvious defects but upon pressing down on the driver’s seat, he discovered the loose spring. Subsequently, plaintiff returned the car to the defendant at which time one of defendant’s employees acknowledged in writing that there was a loose spring in the driver’s seat of plaintiff’s rental car.
After unsuccessful attempts to have the defendant reimburse him for the pants damaged by the loose spring, plaintiff filed this lawsuit seeking damages for his property loss and for mental anguish. The defendant filed an answer and third party demand against General Motors Corporation, the makers of the rental car, seeking full or partial indemnification from General Motors should the defendant be found liable to plaintiff. In the third party demand, the defendant alleged that General Motors issued warranties of merchantability and use of the car rented to plaintiff by defendant and that those warranties were breached by placing into commerce a car with a defective seat.
During trial, after the defendant rested its case, the trial judge granted General Motors’ motion for involuntary dismissal of the third party demand. After trial, the trial judge rendered judgment in favor of plaintiff and against defendant for $3,442.30 together with legal interest from the date of judicial demand and all costs. Because many of the pants damaged by the loose spring belonged to suits, this amount included an award for the replacement of these suits rather than just for the pants. Judgment was also rendered in favor of the third party defendant, General Motors, and against the third party plaintiff, Budget Rent-A-Car, dismissing the third party demand at the third party plaintiff’s costs.
In his reasons for judgment, the trial judge stated that the picture taken of the car’s driver’s seat and the statement given by the Budget Rent-A-Car employee established that there was a loose spring on the seat of the car which damaged plaintiff’s pants. The trial judge also stated *875 that he believed plaintiff’s assertion that he did not notice the damage to all of the pants until he noticed the damage to the pair he threw on his bed and then checked the other pants in his closet. The damaged clothing was viewed by the trial judge who determined that the damage was caused by the loose spring in the car. Finally, the judge stated that the award made to the plaintiff was determined according to the value of the damaged clothing as estimated by the General Appraising Bureau retained by appellant. Plaintiff and defendant both appeal this judgment.
On appeal, the defendant argues that the trial judge erred in awarding plaintiff $3,442.30 for his damaged clothing. Specifically, defendant objects to the amount of the award because it alleges that plaintiff made no attempt to determine whether or not the clothing could be repaired and that no evidence other than the plaintiff’s own estimates of the value of the clothing was introduced to support plaintiff’s property loss.
Defendant’s argument that the only evidence used to support plaintiff’s property loss was his own estimates of the value of the damaged clothing is not supported by the record. The inventory list of clothing which was prepared by an adjuster retained by defendant included the fair market value of the clothing at the time of the loss, which was based upon the cost of the clothing, less the amount by which the items had depreciated according to age as calculated by the adjuster.
Regarding defendant’s argument that plaintiff made no attempt to determine whether or not the clothing could be repaired, it is clear from the record that the trial judge carefully inspected the damaged clothing in question and was in the best position to determine whether or not these clothes could be salvaged. Furthermore, this court has inspected the clothing in question and finds that these pants cannot be salvaged.
Because defendant offered no evidence to contradict the inventory introduced by the plaintiff and because the damages awarded to plaintiff are supported by the record, we affirm the plaintiff’s award of $3,442.30.
In the next specification of error, the defendant argues that the trial court erred in granting General Motors’ motion for involuntary dismissal of the third party demand. The trial judge stated that he was granting the motion because, in his view, there was no way that the defendant, Budget Rent-A-Car, had knowledge of the care taken by all of the previous renters of the car in question.
In Bell v. Jet Wheet Blast, Division of Ervin Industries, 462 So.2d 166 (La.1985), the Louisiana Supreme Court stated that in order to recover from a manufacturer or supplier under a strict product liability theory, a plaintiff must prove: (1) that the injury or damage resulted from the condition of the product; (2) that the condition made the product unreasonably dangerous to normal use; and (3) that the condition existed at the time the product left the control of the manufacturer or supplier. Under the circumstances of the instant case, it is clear that defendant/third party plaintiff could not possibly prove that the loose spring in plaintiff’s rental car existed at the time the car left the control of the manufacturer or supplier because this rental car undoubtedly had numerous previous renters. For this reason, we conclude that the trial judge correctly granted General Motors’ motion for involuntary dismissal of the third party demand.
Finally, defendant argues that the trial court erred in not finding that the plaintiff was contributorily negligent in this case. In this argument, defendant suggests different reasons why plaintiff should have discovered the damage to his clothing before he did.
The trial judge stated in his reasons for judgment that he was satisfied, after hearing testimony on the issue of plaintiff’s knowledge of the damage, that it was reasonable that plaintiff would not have detected the damage before he did. One of the reasons that plaintiff offered for not discovering the loose spring earlier was that he kept his wallet in the back left *876 pocket which was damaged on all of the pants and, therefore, could not feel the spring. Although plaintiff's reasons for not discovering the damages earlier are somewhat unusual, it was not an abuse of discretion or manifestly erroneous for the trial judge to have found that plaintiff was not contributorily negligent in this case.
Plaintiff also appeals the award in this case arguing that he also should have been awarded damages for inconvenience. The trial judge did not consider that the circumstances of the case warranted an additional award for inconvenience and we do not find that determination to be an abuse of discretion.
For these reasons, the trial court judgment is affirmed. All costs of this appeal are assessed to the defendant/appellant.
AFFIRMED.